THE WILLIAMS LAW GROUP
Andrew Williams, Esq.
*Attorney for Plaintiff*
20 Island Ave.,
Suite 801
Miami, Florida 33139
Telephone: (305) 916-1122
CA Bar No. 310526
Email:  Andrew@TheWilliamsLG.com
Secondary Email: WilliamsLawFlorida@gmail.com

**Attorney for Plaintiffs**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNIE DEVINE, an individual, and ANNIE DEVINE, LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>F21 OPCO, LLC d/b/a FOREVER 21, a Delaware limited liability company, and DOES 1 through 10, inclusive<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**<br><br>1.  COPYRIGHT INFRINGEMENT<br>2.  UNJUST ENRICHMENT<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW COMES Plaintiffs, ANNIE DEVINE ("Ms. Devine") and ANNIE DEVINE, LLC ("AD") (collectively, the "Plaintiffs"), by and through undersigned counsel and hereby file this Complaint and Demand for Jury Trial against Defendants, F21 OpCo, LLC d/b/a FOREVER 21 ("Forever 21"), and DOES 1 through 10, inclusive, (collectively the "Defendants") and state as follows:

**INTRODUCTION**

1.   This is a suit based upon violations of the United States Copyright Act (the "Act") and tort claims. The Plaintiffs have specifically plead counts of: Copyright Infringement, and/or additionally, or in the

COMPLAINT FOR DAMAGES - 1

alternative, a claim for Unjust Enrichment. The Plaintiffs, however, may move to amend these counts should additional counts and/or claims against the DEFENDANTS be discovered.

2. The Plaintiffs are seeking damages in an amount to be proved at trial in excess of Seventy-Five Thousand ($75,000.00), including an award of, costs, and attorney's fees.

## THE PARTIES, JURISDICTION, AND VENUE

3. Ms. Devine is an individual, and she was at all relevant times mentioned herein a citizen of the State of Texas, and a resident of Los Angeles County, California.

4. ADL is a Texas limited liability company with its principal place of business located in Dallas, Texas. ADL serves as a loan-out company for the professional services of Annie Devine. At all times material hereto, ADL conducted business in the State of California, and specifically Los Angeles County.

5. Defendant Forever 21 is a Delaware limited liability company with its principal place of business in the State of California. At all relevant times herein, Forever 21 conducted business in the State of California, and it maintained its principal place of business in Los Angeles County, California.

6. The full extent of the facts linking the fictitiously designated Defendants with the cause(s) of actions herein is unknown to the Plaintiffs. Further the true names and capacities, whether individual, corporate, associate, plural or partnership, or otherwise, of Defendants, DOES 1 through 10, inclusive, are unknown to the Plaintiffs. The Plaintiffs therefore sue Defendants by such fictitious names. The Plaintiffs are informed and believes, and thereupon allege, that each of the Defendants designated herein as a DOE is negligently, wantonly, recklessly, tortuously, intentionally and/or unlawfully responsible in some manner for the events and happenings hereinafter referred to, and negligently, wantonly, recklessly, tortuously, intentionally and/or unlawfully, proximately caused injuries and damages to the Plaintiffs, as hereinafter alleged. The Plaintiffs will ask leave of this Court to amend this Complaint to show said Defendants' names and capacities once the same have been ascertained.

7.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) because it arises under an Act of Congress, the United States Copyright Act.

8.   Venue is proper in this District pursuant to § 1391, in that the Defendant resides and/or conducts business in Los Angeles County, California, and a substantial part of the events giving rise to these claims occurred in Los Angeles County, California.

## GENERAL ALLEGATIONS

9. Ms. Devine is a talented and well sought-after professional photographer, who has built a respected reputation in the entertainment industry.

10. Ms. Devine uses her company, ADL, as a loan-out company in which those who desire her professional photography/videography services can book Ms. Devine through entering into agreements with ADL.

11. Ms. Devine is the author of the original photograph seen below (the "Photograph").



COMPLAINT FOR DAMAGES - 3

12. Ms. Devine took the Photograph on or around June 19, 2016.

13. The Photograph was taken in Texas, and it involved a local model who was referred to the Plaintiffs through one of their clients who played professional football in the National Football League ("NFL").

14. Sometime after the photoshoot, the Plaintiffs posted the image of the Photograph on their social media pages, including Instagram.

15. On information and belief, the model in the Photograph (the "Model") also posted a copy of the Photograph to his Instagram.

16. Notwithstanding this fact, the Plaintiffs never transferred or gave any rights in the Photograph to the Model and therefore the only parties with any authority to negotiate licenses or the use of the Photograph were/are the Plaintiffs.

17. Unbeknownst to the Plaintiffs, and more importantly, without their authorization, consent or permission, Forever 21 began to engage in the unauthorized reproduction of the Photograph, and it began to commercially exploit the Photograph for its own benefit and financial gain.

18. Not only is/was Forever 21's use, publication, display and/or commercial exploitation of the Photograph unauthorized, but Forever 21 never so much as even sought the Plaintiffs' authorization, consent, or permission.

19. Forever 21 displayed and distributed the Photograph on its website, and on information and belief, in in-store promotions.

20. Furthermore, Forever 21 specifically used the Photograph as the "hero shot" in order to promote and market its "Dip-Dye Flannel Plaid Shirt" (the "Shirt"), which was sold internationally for $22.90 (USD).

21. By using the Photograph as the "hero shot," Forever 21 intentionally attempted to direct consumers

to specifically purchase the Shirt through the use of the Photograph, which in turn generated, on information and belief, hundreds of thousands, if not millions of dollars for Forever 21.




22. Despite the fact that Ms. Devine took the photograph in or around June 19, 2016, she did not discover Forever 21's unauthorized use of the Photograph until on or around November 5, 2020.

23. The Photograph is the Plaintiffs' proprietary intellectual property.

24. In an effort to bring Forever 21's unauthorized use of the Photograph to its attention, the Plaintiffs sent Forever 21 correspondence on, or around, May 16, 2023, in which they advised Forever 21, that is use of the Photograph was unauthorized and thus copyright infringement (the "May Correspondence").

25. Forever 21 failed to respond to the May Correspondence.

26. The Plaintiffs provided Forever 21 with a follow up correspondence advising Forever 21 of its unauthorized use of the Photograph in June 2023 as well (the "June Correspondence").

27. Despite the fact that both the May Correspondence and the June Correspondence were sent to

Forever 21 via certified mail, Forever 21 ignored both correspondence and has failed to respond to either as of the filing of this complaint.

28. The failure of Forever 21 to respond to either the May Correspondence or the June Correspondence is indicative of the fact that is infringement of the Photograph was/is intentional and willful.

29. It further demonstrates that Forever 21 had/has knowledge of its infringing actions involving the Photograph, yet it has continued to profit from its infringing use.

30. Given Forever 21's unauthorized use of the Photograph, the Plaintiffs have been damaged and injured, including losing their right and ability to independently sell and/or market the Photograph.

## COUNT I
## COPYRIGHT INFRINGEMENT

31. The Plaintiffs hereby repeat, reallege and incorporate by reference each and every allegation contained hereinabove and incorporate the same herein as though fully set forth herein.

32. Through Forever 21's actions as described above and its commercial release of the Shirt, which used the Photograph for marketing the Shirt, Forever 21 has infringed and will continue to infringe on the Photograph in violation of the Plaintiffs' exclusive rights under 17 U.S.C. § 101 *et seq* as Forever 21 never had any authorization or other permission to use, publish, display, and/or commercially exploit the Photograph.

33. Forever 21's failure to respond to Ms. Devine's May Correspondence and June Correspondence further show that Forever 21's use of the Photograph and was deliberate, willful, and in utter disregard of the Plaintiffs' rights.

34. Not only did Forever 21 not have permission to use the Photograph, Forever 21also did not, and has not, provided the Plaintiffs with equitable compensation for its use of the Photograph.

35. Given the commercial success of the Shirt, Forever 21 has realized unjust profits, gains and advantages

as a proximate result of its infringement, and it will continue realizing unjust profits, gains and advantages as a proximate result of its infringement, as long as such infringement is permitted to continue.

36. As a direct and proximate result of the Forever 21's willful copyright infringement, the Plaintiffs have suffered and they will continue to suffer, monetary loss and a lack of proper credit.

37. The Plaintiffs are entitled to recover from Forever 21, in an amount to be determined at trial, the damages they have sustained, and will continue to sustain, and any gains, profits and advantages obtained by Forever 21 as a result of its infringing acts and its use, publication, display and commercial exploitation of the Photograph.

38. The Plaintiffs are entitled to recover damages from Forever 21 that include, but are not limited to their attorneys' fees, the costs of this action that they have sustained and will continue to sustain, and any gains, profits and advantages obtained by Forever 21 as a result of its actions as have been alleged above.

39. At the present time, the amount of the Plaintiffs' damages, gains, profits and advantages cannot be fully ascertained; however, such will be established according to proof at trial.

40. They Plaintiffs anticipates that their damages will exceed One Hundred Fifty Thousand ($150,000.00) given Forever 21's willful, intentional and bad-faith actions.

## COUNT II
## UNJUST ENRICHMENT

41. The Plaintiffs hereby repeat, reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 30 and incorporate the same herein as though fully set forth herein.

42. Beginning sometime prior to November 5, 2020, Forever 21 used, displayed, and published the Photograph for commercial purposes.

43. Through Forever 21's use of the Photograph to promote and market the Shirt, the Plaintiffs conferred a benefit upon Forever 21.

44. Forever 21 was, and is aware of, and had knowledge of, the benefit that it received from the Plaintiffs

when it used, displayed, published, and commercially exploited the Photograph.

45. Forever 21 intended to receive, and ultimately did/has received financial gain and compensation through its use of the Photograph, and through its sales and promotion of the Shirt.

46. Notwithstanding the financial gain and compensation that Forever 21 received through its infringing use of the Photograph, the Plaintiffs have not received *any* financial gain or compensation though the commercial release of the Photograph, and they have not been properly credited for their intellectual property, the Photograph.

47. The circumstances are such that it would be inequitable for Forever 21 to retain the benefit that was conferred upon it by the Plaintiffs, without providing any benefit to the Plaintiffs.

**WHEREFORE**, for the reasons set forth herein, the Plaintiffs respectfully requests that this Court award damages in their favor and against the Defendants and each of them as follows:

   a. For general and special damages to be proven at trial in an amount in excess of $150,000.00 dollars;

   b. For an injunction, declaration, or other mandate that provides for the Plaintiffs to be properly credited as the "authors" and "owners" of the Photograph;

   c. For an injunction, declaration, or other mandate that provides for the Plaintiffs to receive the use, publishing, displaying, and commercial exploitation percentages they are entitled to as the "authors" and "owners" of the Photograph;

   d. For an injunction, declaration, or other mandate that provides for the Defendants to direct any and all third-parties whom they control to properly credit the Plaintiffs in the ways they can before this action and going forward;

   e. For a full and proper accounting of any and all monies earned by Forever 21 through its use of the Photograph and through its sales of the Shirt;

    f.  For punitive damages;

    g.  For the costs of this action;

    h.  For attorney's fees; and

    i.  For any other and further legal and equitable relief this Court deems just and proper.

DATED this 28th day of July 2023

THE WILLIAMS LAW GROUP

/s Andrew Williams, Esq.
BY: ANDREW WILLIAMS, ESQ.
California Bar No.: 310526
20 Island Ave, Ste 801
Miami, Florida 33139
Telephone: (305) 916-1122
*Attorney for Plaintiff Annie Devine*
E-Service: Andrew@TheWilliamsLG.com
Secondary: WilliamsLawFlorida@gmail.com

## **DEMAND FOR JURY TRIAL**

The Plaintiffs ANNIE DEVINE and ANNIE DEVINE, LLC, hereby demand a trial by jury for all issues so triable.

DATED this 28th day of July 2023

THE WILLIAMS LAW GROUP

/s Andrew Williams, Esq.

## **RESERVATION OF RIGHTS**

The Plaintiffs ANNIE DEVINE and ANNIE DEVINE, LLC reserve the right to further amend this Complaint, upon completion of their investigation and discovery, to assert any additional claims for relief against the Defendants or any other parties as may be warranted under the circumstances and as allowed by law. The Plaintiffs further reserve the right to seek and have punitive damages assessed against the Defendants.

DATED this 28th day of July 2023

**THE WILLIAMS LAW GROUP**

/s Andrew Williams, Esq.